IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-131-FL

| | |
|---|---|
| JAMES D. PROULX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER |
| JOSEPH A. GEMBALA, III, | ) ) ) |
| Defendant. | ) ) |

This matter is before the court on plaintiff's motion to certify class (DE 7), to which defendant has not responded, and the parties' joint motion for court hosted settlement conference (DE 20). Plaintiff filed this putative class-action on June 21, 2013, asserting a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") along with several state law claims, all arising out of an alleged mortgage modification scam. This action is related to an earlier-filed putative class action, Manuel v. Malone, No. 7:10-CV-4-FL, which was filed originally against the same defendant Joseph A. Gembala, III, and others, on January 14, 2010. In Manuel, the plaintiffs voluntarily dismissed defendant Gembala in May 2012, leaving defendant Michael Malone as the sole remaining defendant in that case.

In both Manuel and the present action, the material allegations supporting the individual plaintiffs' claims and the class action motion are substantially similar. In the Manuel action, the court has now denied plaintiffs' motion for class certification several times as premature, where the court most recently has denied plaintiffs' motion for summary judgment and is considering granting summary judgment on plaintiffs' claims against the sole remaining defendant in the Manual action,

Michael Malone.  See Manuel v. Malone, No. 7:10-CV-4-FL, Order (October 10, 2013).  In the present action, plaintiff essentially revives the putative class action against Gembala, who previously had been voluntarily dismissed in the Manuel matter.  Plaintiff bases federal subject matter jurisdiction, personal jurisdiction, and venue, on his assertion of a claim under RICO, 18 U.S.C. § 1965(b) and (d).

Although defendant Gembala has not responded in opposition to the motion to certify class, defendant Gembala has filed an answer denying all material allegations of the complaint, including the class action allegations.  Accordingly, in light of the procedural posture of this case and the overlap of factual and class-action allegations with those asserted in the Manual matter, the court finds plaintiff's motion to certify class to be premature.  See Manuel v. Gembala, 7:10-CV-4-FL, 2011 WL 3240493 *4 (E.D.N.C. July 27, 2011).  Plaintiffs' motion to certify class therefore will be denied without prejudice.

Moreover, where jurisdiction and venue are dependent upon plaintiff's RICO claim against defendant, and the court is considering granting summary judgment in favor of defendant in the Manuel matter upon substantially similar evidence and allegations, the court also questions the utility of a court-hosted settlement conference in advance of further proceedings in this case. Indeed, the Alternative Dispute Resolution Rules of this court state that a "court-hosted settlement conference shall be held after the discovery period and the ruling resolving any motions for summary judgment unless the court specifically orders otherwise."  Local Civil Rule 101.2(b).  In this instance, the court finds no basis to order otherwise.  Accordingly, the parties joint motion for court hosted settlement conference will be denied without prejudice to renewal after the time for discovery and ruling on any motions for summary judgment has passed.  The parties, may of course,

2

agree to conduct a mediated settlement conference at any time during the discovery period. Local Civil Rule 101.1a(a).

In sum, based upon the foregoing, plaintiff's motion to certify class (DE 7) is DENIED without prejudice, and the parties' motion for court hosted settlement conference (DE 20) is DENIED without prejudice. An initial order for planning and scheduling in this case will follow.

So ordered, this the 11th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge